# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| | : | Bankr. No. 16-12776-AMC |
| Catherine Reid, | : | |
| | : | |
| Debtor. | : | |
| _____ | : | _____ |
| | : | |
| Catherine Reid, | : | |
| 5732 N. Fairhill Street | : | Adv. Pro. No. |
| Philadelphia, PA 19120-2207 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. Department of Housing and | : | |
| Urban Development | : | |
| 451 7th Street S.W. | : | |
| Washington, DC 20410 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT TO DETERMINE EXTENT OF LIEN

### INTRODUCTION

1. This adversary proceeding is filed by the debtor pursuant to Bankruptcy Rule 7001(2) and pursuant to 11 U.S.C. §506 to determine the amount of Defendant's allowed secured claim.

### JURISDICTION

2. Jurisdiction over this proceeding is conferred upon the Court by 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(K).

3. Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §2201 and §2202, and Bankruptcy Rule 7001(9).

## PARTIES

4. Plaintiff Catherine R. Reid (hereinafter Plaintiff) is a natural person and the debtor in the above captions voluntary Chapter 13 proceeding.

5. Defendant US Department of Housing and Urban Development (hereinafter Defendant) is a federal government agency operating out of 451 7th Street S.W., Washington, DC 20410, with a local Philadelphia office at The Wanamaker building, 100 Penn Square East, Philadelphia, PA 19107-3380 and is a mortgage claimant in the instant bankruptcy case.

## FACTS

6. Plaintiff owns 5732 N. Fairhill Street, Philadelphia, PA, (hereinafter the property) the residence that is the subject of this action, by virtue of a deed recorded on June 6, 2009, in the Office of the Recorder of Deeds in Philadelphia County Document No. 52070195.

7. On or about January 21, 2016, Plaintiff entered into a loan modification with Colonial Savings FA on her primary mortgage, which was federally insured. As part of the loan modification process, a partial claim was made to Defendant.

8. The partial claim was secured by an additional mortgage lien executed by Plaintiff, in favor of Defendant, on January 21, 2016. The mortgage was subsequently recorded on March 31, 2016, in the Office of the Recorder of Deeds in Philadelphia County Document No. 53040123.

9. On April 19, 2016, Plaintiff filed for Chapter 13 relief in the Eastern District of Pennsylvania at case number 16-12276.

10. On September 2, 2016, Defendant filed a proof of secured claim for $20,307.88. (Proof of Claim 7-1.)

11. There are two liens with position above Defendant's Proof of Claim 7-1.

12. Colonial Savings FA holds a first position lien for the sum of $91,853.06, as evidenced by the mortgage recorded June 1, 2009, in the Office of the Recorder of Deeds in Philadelphia County Document No. 52070196, and Proof of Claim 5, filed August 19, 2016.

13. Defendant also holds a second position lien for a separate obligation, for the sum of $13,900.15, as evidenced by the mortgage recorded November 17, 2011, in the Office of the Recorder of Deeds in Philadelphia County Document No. 52413792, and Proof of Claim 6-1 filed September 2, 2016.

14. The mortgage at issue, Proof of Claim 7-1, is third lien position, being executed on January 21, 2016, and recorded March 31, 2016, in the Office of the Recorder of Deeds in Philadelphia County Document No. 53040123.

15. The property has a value of $100,300.

16. The first and second liens encumber the entirety of the value of the property.

17. The third lien, held by Defendant, is not secured by any value in the property.

18. Defendant's Proof of Claim 7-1 is wholly unsecured.

19. Pursuant to 11 U.S.C. §506(a) the allowable secured claim for Defendant is zero, and the balance of the claim is an unsecured claim.

WHEREFORE, Plaintiff requests that the Court:

a. Assume jurisdiction over this action;

b. Declare that the Defendant's third lien position mortgage interest in the property be valued at $0.00.

c. Declare the allowed secured claim of Defendant's Proof of Claim 7-1 is $0.00.

d. Declare that the balance of the claim be determined to be an unsecured claim.

    e. Grant such other and further relief as may be just and proper.

| | |
|---|---|
| <u>November 29, 2016</u> | <u>/s/ Jennifer Schultz, Esq.</u> |
| Date | Jennifer Schultz, Esq. |
| | Attorney for Debtor |
| | Community Legal Services |
| | 1410 W. Erie Ave. |
| | Philadelphia, PA 19140 |